UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nell Mondia,<br><br>    *Plaintiff*,<br><br>v.<br><br>The University of Chicago Medical Center,<br><br>    *Defendant*. | No. 22 CV 5031<br><br>Judge Lindsay C. Jenkins |

**ORDER**

Plaintiff Nell Mondia ("Mondia") filed this breach of contract action against Defendant University of Chicago Medical Center ("University") claiming that his termination as a nurse violated the collective bargaining agreement ("CBA") between the University and National Nurses United. [Dkt. No. 1]. Pending before the Court is Mondia's motion for leave to file a Second Amended Complaint ("SAC"). [Dkt. No. 25]. For the reasons below, the motion is denied.

*Background*

Following his termination from the University, Mondia filed this action pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). [Dkt. No. 1]. Mondia's original complaint alleged that Mondia's termination violated section 17.10 of the CBA between the University and National Nurses United, the union that University staff nurses joined in November of 2019. [*Id.* ¶¶ 7, 10]. Section 17.10 provided that the University agreed that it would not discharge, discipline, or suspend any nurse without just cause. [*Id.* ¶ 9]. The University filed a motion to dismiss Mondia's original complaint, and Mondia responded by filing an Amended Complaint [Dkt. No. 15]. The University moved to dismiss that complaint, too, [Dkt. No. 16], and in response, Mondia sought leave to amend his complaint for a second time and appended a proposed SAC to his request, [Dkt. No. 25].

Much like the Amended Complaint, the SAC alleges that Mondia was terminated without just cause in violation of section 17.10 of the CBA. [Dkt. No. 25-1, ¶ 10]. Although Mondia does not allege his termination date, he explains that beginning in late November 2021, he began filing a series of grievances with National Nurses United over his termination, each of which the union denied. [*Id.* ¶¶ 12–23]. Mondia addressed his first grievance to the Patient Care Center; after a hearing, on December 13, 2021, the Unit Manager informed Mondia that his grievance was denied. [*Id.* ¶¶ 12–14]. Mondia "proceeded to Step 2 of the grievance process to the Chief Nursing Officer or designee"; the union again denied Mondia's grievance on

1

March 31, 2022. [*Id.* ¶¶ 15–16]. After proceeding to Step 3, the union denied Mondia's grievance on May 4, 2022 for a third time. [*Id.* ¶¶ 17–19]. Mondia then sent a series of text messages to his union representative requesting that the matter be referred to an impartial arbitrator.[1] [*Id.* ¶¶ 20–22]. On May 19, 2022, the union representative informed Mondia that the union would not proceed with his request for a grievance on the ground that the grievance would be futile. [*Id.* ¶ 23].

The SAC alleges that by refusing to proceed with the arbitration, "the National Nurses United Union breached its duty of fair representation" because it "intentionally failed to proceed with Mondia's claim before an impartial arbitrator in retaliation for Mondia's past activity and because of the animosity that certain union representatives had toward" him. [*Id.* ¶ 24]. The entirety of the specifics alleged in the SAC are as follows:

> 25. Specifically, as a member of the union, MONDIA was quite vocal about the future of the members and was very concerned that during the last contract negotiation in November, 2019, the union members had no lawyers or accountants to represent them.
>
> 26. As a result of that negotiation, union members lost a lot of benefits.
>
> 27. Moreover, MONDIA was criticized by his union for undertaking efforts to try to transfer the employees to a different union organization.
>
> 28. In fact, MONDIA's union representative told MONDIA to stop disseminating the idea of going to another union to other union members, that he was creating animosity with the union and that there would be repercussions against him if he continued with his efforts.

[*Id.* ¶¶ 25–28].

*Legal Standard*

Rule Fifteen of the Federal Rules of Civil Procedure states that leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Courts' liberal allowance of pleadings reflects a preference that controversies be decided on the merits when practicable. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). "The Supreme Court has interpreted this rule to require a district court to allow amendment unless there is a good reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357–58 (7th Cir. 2015).

---

[1] Screenshots of these text messages are included as exhibits to the Amended Complaint, addressed to "NNU Union Rep." [Dkt. No. 15-1 at 157–60].

*Analysis*

The University urges that Mondia's request for leave to amend should be denied because the proposed SAC fails to adequately plead facts regarding the union's breach of its duty of fair representation. [Dkt. No. 27 at 5–7]. "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967); *see also Thomas v. United Parcel Serv., Inc.*, 890 F.2d 909, 922 (7th Cir. 1989). Here, Mondia's SAC is premised on a claim of bad faith. [Dkt. No. 28 at 4, 6]. Whether a union's actions are in bad faith "calls for a subjective inquiry and requires proof that the union acted (or failed to act) due to an improper motive." *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 369 (7th Cir. 2003).

The Seventh Circuit has addressed what a plaintiff must plead to make out a section 301 claim alleging a breach by the union of its duty of fair representation. *See Yeftich v. Navistar*, 722 F.3d 911, 913 (7th Cir. 2013). There, the Court held that plaintiffs' general allegations that the union was "guilty of bad faith because it diverted, stalled, and otherwise terminated their grievances," was insufficient to survive dismissal. *Id*. at 916 (internal quotation marks omitted). The Court concluded as such because the complaint offered "no factual detail to support [its] conclusory allegations," such as facts suggesting the union's motive for its alleged failure to deal with plaintiffs' grievances. *Id*. A claim premised on the union's bad faith required the plaintiff to include "subsidiary facts," and not merely "conclusory labels" regarding the union's state of mind. *Id*. A plaintiff who simply refers to, for example, "unnamed union officials" who acted inappropriately by failing to process grievances, or who states in a conclusory way that "the union's actions were 'intentional, willful, wanton, and malicious,'" cannot survive dismissal. *Id*.

Here, the SAC alleges that, at the conclusion of the grievance process, Mondia requested and was later denied a referral to an impartial arbitrator by the union representative. [Dkt. No. 25, ¶ 23]. Mondia alleges that the union's denial of his request was in retaliation for his past actions. [*Id*.] Specifically, Mondia alleges that he was generally "vocal about the future of the [union] members," and he previously expressed concern during the 2019 contract negotiations that the union was not properly represented. [*Id*. ¶ 25]. Mondia further recounts that the 2019 negotiations resulted in "a lot of lost benefits" to the union. [*Id*. ¶ 26]. Mondia also says that he was "criticized by his union" for his efforts to persuade employees to join a different union, and that his union representative told him to "stop disseminating the idea of going to another union to other union members," because it was "creating animosity with the union" and "that there would be repercussions." [*Id*. ¶¶ 27–28]. Mondia contends these facts motivated the union to deny his arbitration request.

These bare assertions do not satisfy *Yeftich*'s teachings. The SAC contains a fair number of conclusory statements in an attempt to allege bad faith—that Mondia

was "vocal" in his concerns about the contract negotiations; that the union "criticized" Mondia for his efforts to recruit members to another union; and that these efforts at recruiting were not well received. [Dkt. No. 25, ¶¶ 25, 27–28]. But it is still missing factual detail. To say that Mondia was "quite vocal about the future of the members" and that he was "very concerned" about the 2019 contract negotiations says nothing about the nature of Mondia's criticisms, to whom he expressed them, or when. [*Id.* ¶ 25]; *see Yeftich*, 722 F.3d at 917 (finding plaintiffs' allegations deficient when they failed to specify "the content of the grievances," the union official processing plaintiffs' grievances, or the "dates or even a time frame across which grievances were filed"). The SAC states, in a conclusory way, that the negotiations resulted in lost benefits, but it does not name any lost benefit in particular. *See generally* [Dkt. No. 25]; *see Yeftich*, 722 F.3d at 916 (noting that plaintiffs' allegations failed to "offer[] facts that suggest a motive for the union's alleged failure to deal with the grievances"). Similarly, who within the union criticized Mondia for his efforts to persuade employees to join a different union? And what, in general terms, were the nature of those criticisms? If a union representative told Mondia to stop his persuasion efforts, when did this occur and what, in general terms, were the nature of the statements made? These are precisely the kind of "subsidiary facts" required to state a duty of fair representation claim based on a union's alleged bad faith. *Yeftich*, 722 F.3d at 916.

Plaintiff tacitly acknowledges that the SAC has missing pieces. [Dkt. No. 28 at 7.] He argues instead that leave should be granted because the SAC gives "fair notice" of Mondia's claim and that the rest "can be ascertained during discovery in this case." [*Id.*] The Court disagrees. While it is true that the complaint need not contain every excruciating detail, it must set forth more than conclusions and labels. *See Yeftich*, 722 F.3d at 916–17. Mondia's SAC fails to do so, so leave to amend on that basis would be futile. *Life Plans*, 800 F.3d at 358.

* * * *

For the foregoing reasons, Mondia's motion for leave to amend is denied. [Dkt. No. 25]. Plaintiffs are ordinarily given at least one opportunity to amend their complaint before the action is dismissed. *See Runnion*, 786 F.3d at 524. Although Mondia has already attempted more than one amendment, it is far from "*certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Id.* at 520 (emphasis in original). Plaintiff may file a third amended complaint on or before July 13, 2023, if he can do so consistent with this Order. Defendant's responsive pleading shall be filed on or before August 10, 2023. The motion to dismiss the amended complaint is denied as moot [Dkt. No. 16].

Enter: 22-cv-5031
Date: June 22, 2023

_____
Lindsay C. Jenkins
United States District Judge

4